UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).

CIVIL ACTION NO. 5:18-CV-1155 (GLS/TWD)

JUDGES INITIALS

COMPLAINT
JURY TRIAL DEMANDED

BODY PARAGRAPHS

1 : 1 ) Controversy of civil rights ,

WHY THE NORTHERN DISTRICT IS THE PROPER VENUE FOR YOUR ACTION
1 : 2 ) Occurred in the northern district of New York

1 : 3 : 1 ) Ben Walsh Mayor , 233 East Washington Street Syracuse New York 13202-1473

1 : 3 : 2 ) Frank L. Fowler , Chief Of Police, 511 South State Street Syracuse New York 13202

1 : 3 : 3 ) Dave DelVecchio , Commissioner 233 East Washington Street Syracuse New York 13202

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK


JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).


CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT


2 : 2 : 2 ) Defendant Frank Fowler in actions are of analyzing responses from the police department response of area of crime to implement improvements ; gives assent of violating plaintiff Jasmine Edwards rights of entitlement .

2 : 2 : 3 ) The alleged act of misconduct to verify of Defendant Frank Fowler is that intentional disregard of the requested escort services from the Syracuse police department was purposely improper . This misconduct occurred on March 29th , 2013 . Defendant Officer Angela Mohar , and Defendant Officer Brendan Groom participated in the misconduct at 720 Mountainview Ave Syracuse New York 13224 . And plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location .

2 : 2 : 4 ) Defendant Frank Fowler neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK


JASMINE GRACE - LOUISE EDWARDS

                    PLAINTIFF,

    V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

                    DEFENDANT(S).


CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT
JURY TRIAL DEMANDED

BODY PARAGRAPHS

1 : 1 ) Controversy of civil rights ,


WHY THE NORTHERN DISTRICT IS THE PROPER VENUE FOR YOUR ACTION
1 : 2 ) Occurred in the northern district of New York


1 : 3 : 1 ) Ben Walsh Mayor , 233 East Washington Street Syracuse New York 13202-1473

1 : 3 : 2 ) Frank L. Fowler , Chief Of Police, 511 South State Street Syracuse New York 13202

1 : 3 : 3 ) Dave DelVecchio , Commissioner 233 East Washington Street Syracuse New York 13202

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK


JASMINE GRACE - LOUISE EDWARDS

            PLAINTIFF,

      V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

            DEFENDANT(S).


            CIVIL ACTION NO.

            JUDGES INITIALS

            COMPLAINT


1 : 3 : 4 )Helen Hudson President , 233 East Washington Street Syracuse New York 13202

1 : 3 : 5 ) Angela Mohar , Police Officer, 511 South State Street Syracuse New York 13202

1 : 3 : 6 ) Brendan Groom , Police Officer, 511 South State Street Syracuse New York 13202


CLAIM AGAINST THE DEFENDANTS

2 : 1 : 1 ) Defendant Ben Walsh combined the leadership of UN monitored task force implementation . In actions are proposition for reporting and maintaining the management level of the city's council departments ; gives assent of violating plaintiff Jasmine Edwards fundamental rights .

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).

CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT

2 : 1 : 2 ) The alleged act of misconduct to verify of Defendant Ben Walsh is that leadership is defined for services of employees which lawfully governs the policy of employee standards towards peace in the city , which violations should not be disregarded. The misconduct of employees of the city's police department occurred on March 29th , 2013 . Defendant Officer Angela Mohar , and Defendant Officer Brendan Groom participated in the misconduct at 720 Mountainview Ave Syracuse New York 13224 . And Plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location   .

2 : 1 : 3 ) Defendant Ben Walsh neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .

2 : 2 : 1 ) Defendant Frank Fowler combined the leadership of UN monitored task force implementation actions are of having the power to speak directly with the mayor to achieve the direction improvements of the department ; gives assent of violating plaintiff Jasmine Edwards democracy rights.

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK


JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).


CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT


2 : 2 : 2 ) Defendant Frank Fowler in actions are of analyzing responses from the police department response of area of crime to implement improvements ; gives assent of violating plaintiff Jasmine Edwards rights of entitlement .

2 : 2 : 3 ) The alleged act of misconduct to verify of Defendant Frank Fowler is that intentional disregard of the requested escort services from the Syracuse police department was purposely improper . This misconduct occurred on March 29th , 2013 . Defendant Officer Angela Mohar , and Defendant Officer Brendan Groom participated in the misconduct at 720 Mountainview Ave Syracuse New York 13224 . And plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location .

2 : 2 : 4 ) Defendant Frank Fowler neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK


JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).


CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT

2 : 3 : 1 ) Defendant Dave DelVecchio administered task force that is dicovered to be brutal . actions are of having the authority to proposition of untimely misconduct ; gives assent of violating plaintiff Jasmine Edwards rights of liberty and freedom .

2 : 3 : 2 ) The alleged act of misconduct to verify of Defendant Dave DelVecchio is that laws services are provided to ensure the safety of maintaining and the neglect of duties from ordinances to be administered to police officers have not been properly observed by plaintiff Jasmine Edwards. This misconduct occurred on March 29th , 2013 . Defendant Officer Angela Mohar , and Defendant Officer Brendan Groom participated in the misconduct at 720 Mountainview Ave Syracuse New York 13224 . And Plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location .

2 : 3 : 3 ) Defendant Dave DelVecchio neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .


2 : 4 : 1 ) Defendant Helen Hudson needed to be humble towards the oragnizations pursuit of peace . actions are of having the ability to achieve the aim of duties ; gives assent of violating plaintiff Jasmine Edwards rights of pursuit of happiness .

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).

CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT

2 : 4 : 2 ) Defendant Helen Hudson in actions are during the appropriate common gatherings to proposition ; gives assent of violating plaintiff Jasmine Edwards rights of equality .

2 : 4 : 3 ) The alleged act of misconduct to verify of Defendant Helen Hudson is that there are duties of directions that have authority policy's to be permitted to employees and improper behavior of employees of the Syracuse police department are motivated by mismanaged conduct.. This misconduct occurred on March 29th 2013 . Defendant Officer Angela Mohar , And Defendant Officer Brendan Groom participated in the misconduct at 720 Moutainview Ave , Syracuse New York 13224 . And Plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location .

2 : 4 : 4 ) Defendant Helen Hudson neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .

2 : 5 : 1 ) Defendant Officer Mahar needed to perform policy negotiations . Actions are of result of reaction to maintain law and order for the civil proposition ; gives assent of violating plaintiff Jasmine Edwards rights of controlling what happens to plaintiff jasmine Edwards own body .

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).

CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT

2 : 5 : 2 ) Defendant Officer Mahar in actions are of department policy misconduct ; gives assent of violating plaintiff Jasmine Edwards rights of democracy .

2 : 5 : 3 ) The alleged act of misconduct to verify of Defendant Angela Mohar is that while in authority on behalf of an employer professionalism is a duty and neglect is unacceptable . This misconduct occurred on March 29th 2013 . Defendant Officer Angela Mohar , and Defendant Officer Brendan Groom participated in the misconduct at 720 Mountainview Ave , Syracuse New York 13224 . And Plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location .

2 : 5 : 4 ) Defendant Angela Mohar neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .

2 : 6 : 1 ) Defendant Brendan Groom needed to justify performance of discovery arraignments . Actions are of holding command and authority ; gives assent of violating plaintiff Jasmine Edwards rights of free from discrimination .

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).

CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT

2 : 6 : 2 ) The alleged act of misconduct to verify of Defendant Brendan Groom is that while in authority on behalf of an employer professionalism is a duty and neglect is unacceptable . This misconduct occurred on March 29th 2013 . Defendant Officer Brendan Groom , And defendant Officer Angela Mohar , participated in the misconduct at 720 Mountainview Ave , Syracuse New York 13224 . And Plaintiff Jasmine Edwards is seeking punishment towards the misconduct for the brutality caused by the officers at the location .

2 : 6 : 3 ) Defendant Brendan Groom neglected to inform the rights of terminations of escort services to people involved in a court ordered of protection before escort services are requested .

STATEMENT OF RELIEF SOUGHT

1 : Plaintiff Jasmine Edwards Is seeking that the courts issue a warrant of payment of 130 million dollars without withholding funds , 2 : Plaintiff Jasmine Edwards is seeking to be paid in verifiable records , 3 : Plaintiff Jasmine Edwards is seeking that the courts request acknowledgment of request of escort services that was ordered to be giving in the help of Plaintiff Jasmine Edwards receiving assistance from the Syracuse police department to get her clothes from Plaintiff Jasmine Edwards mother house , prior to the actual

UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF NEW YORK


JASMINE GRACE - LOUISE EDWARDS

PLAINTIFF,

V.

Ben Walsh , Frank L. Fowler , Dave DelVecchio , Helen Hudson ,

Angela Mohar , Brendan Grooms ,

DEFENDANT(S).


CIVIL ACTION NO.

JUDGES INITIALS

COMPLAINT

escort day , 4 :
  Plaintiff Jasmine Edwards is seeking to get the determination from the courts and the jury to verify in documentation of plaintiff Jasmine Edwards role of resisting arrest . 5 : Plaintiff Jasmine Edwards is seeking that the courts request from the Syracuse police department patrol car surveillance if applicable 6 : and Plaintiff Jasmine Edwards is seeking that the courts request photos from the Syracuse police department justice center of Plaintiff Jasmine Edwards after the transport to the booking of the Syracuse police department justice center for visible injury's . 7 : Plaintiff Jasmine Edwards is seeking net worth and asset be turned in to verify money availability .
8 : Plaintiff Jasmine Edwards is seeking a manual projector during trial .


Exhibits

1:1 Police Deposition

2:1 Arrest Report

*Jasmine Edwards*
*335 valley drive, syracuse*
*New York 13207*
*315-491-0483*



# SYRACUSE CITY COURT
505 S. State Street, Syracuse, NY 13202

**FEE**
Non-Public Version

The People of the State of New York
vs.
**Jasmine G. Edwards**

**Certificate of Disposition**
Docket Number:        CR-00835-13
Legacy Docket Number: 2013-02371



Arrest Date: **03/29/2013**          Arraignment Date: **03/30/2013**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Syracuse City Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 215.50 03 AM Crim Contempt-2nd:Disobey Crt **SEALED 160.50** | AM | Dismissed (Interest/Furtherance of Justice (CPL 170.30 (1)(g)), Sealed 160.50) | 01/13/2014 |

| Count | Incident Date | Conviction Charge | Charge Weight | Conviction Charge Description | Conviction Type | Conviction Date | Sentence Highlight |
|---|---|---|---|---|---|---|---|
| 2 | 03/29/2013 | PL 205.30 | AM | Resisting Arrest | Pled Guilty | 11/26/2013 | • Imprisonment (1 years, 0 months, 0 weeks, 0 days)<br>• Surcharge (MS ($250.00) - due 03/14/2014) |

**A balance remains due and owing for fines, fees and/or surcharges imposed at sentence.**

Dated: **September 7, 2018**

_____
**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]
Conviction charges may not be the same as the original arrest charges.
Arraignment charges may not be the same as the original arrest charges.
CPL 160.50:        All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

# New York State ARREST REPORT

| | | | |
|---|---|---|---|
| 1. NYSID No. | 2. OBTS No. | 3. Case No. 13-209908 | 4. Ref No. / 4b. |
| 5. FBI No. | 6. Arrest No. | 7. Agency SPD-01 | 8. Division/Precinct Patrol-02 / 4a. |

## DEFENDANT INFORMATION

9. Name (Last, First, Middle): Edwards, Jasmine
10. Alias / Nickname / Maiden Name:
11. Phone Number:
12. Street Number and Name, Building No., Apt. No.: 216 Furman St
13. City, State, Zip: Syr NY 13205
14. Residence Status: ☒ Resident
15. Place of Birth: RFD
16. Date of Birth: [redacted]
17. Age: 20
18. Sex: F
19. Race: ☒ Black
20. Ethnic: ☒ Non Hispanic
21. Skin: ☒ Medium
22. Height: 5' 03"
23. Weight: 200
24. Hair: BLK
25. Eyes: BRO
26. Glasses: ☒ No
27. Build: ☒ Large
28. Marital Status: ☒ Single
29. U.S. Citizen: ☒ Yes
31. Social Security No.: [redacted]
35. Employed: ☒ No

## ARREST INFORMATION

37. Arresting Officer: P.O. A. Mahon
38. ID No: 203
39. Assisting Officer: P.O. T. Taylor
40. ID No: 054
41. Arrest Date: 03/29/13
42. Time: 1230
43. Location of Arrest: 120 Mountainview Ave, Syr NY
45. Condition of Defendant At Arrest: ☒ App Normal
46. Weapon(s) at Arrest: None
48. Miranda: ☒ No
56. Arraignment Court: Criminal
57. Arraignment Judge: Presiding
58. Date: 03/30/13
59. Time: 930
62. Incident No.: 13-209908
63. Arrestee Status: ☒ Field
67. Arrest Type: ☒ CIP
72. Location of Offense: City Syr, County Onon, State NY
73. Offense Date: 03/29/13

## CHARGE INFORMATION

| Law | Article & Section | Sub | Cl | CA | Deg | Att | Name of Offense | Cts | NCIC Code | Victim | Assoc |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 215.50 | 3 | A | M | 2nd | N | Crim. Contempt 2nd | 1 | | | |
| PL | 205.30 | - | A | M | - | N | Resisting Arrest | 1 | | | |
| | | | | | | | | | 1530 | | |
| | | | | | | | | | NCIC-NEG | | |
| | | | | | | | | | 7721 | | |

## NARRATIVE

85. Defendant was transported to booking via Unit #59B w/o incident, pursuant [unclear]. Unit #013B Sgt. Negrbor

86. Arresting Officer's Signature: [signature]
87. ID No: 203
88. Supervisor's Signature: [signature]
89. ID No: 207
90. Arrest Made As A Result Of a SAFIS Latent Print Identification? ☒ No

Page 1 of 1