**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JASMINE GRACE-LOUISE EDWARDS,**

                     **Plaintiff,**          5:18-cv-1155
                                               (GLS/TWD)

           **v.**

**BEN WALSH et al.,**

                     **Defendants.**
_____

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Jasmine Grace-Louise Edwards
Pro Se
335 Valley Drive
Syracuse, NY 13207

**FOR THE DEFENDANTS:**
No Appearances

**Gary L. Sharpe
Senior District Judge**

## ORDER

On November 1, 2018, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation (R&R), which granted plaintiff Jasmine Grace-Louise Edwards' application to proceed *in forma pauperis* and recommended that her complaint be dismissed with

prejudice. (Dkt. No. 4 at 11.) Pending before the court are Edwards' objections to the R&R. (Dkt. No. 5.)

Although Edwards ostensibly "object[s] to the [R&R]," (*id.* at 1), her objections consist solely of additional allegations and claims, (*see generally* Dkt. No. 5). "[E]ven a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings[.]" *Tavares v. Amato*, 954 F. Supp. 2d 79, 83-84 (N.D.N.Y. 2013) (internal quotation marks and citations omitted). And even a *pro se* plaintiff may not amend her complaint through an objection to a report and recommendation. *See Best v. Schneider*, No. 12–CV–6142, 2015 WL 5567062, at *24 n.23 (E.D.N.Y. Sept. 21, 2015); *cf. Kennedy v. Adamo*, No. 1:02CV1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) ("[A] district judge will . . . ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the [m]agistrate [j]udge in the first instance.") (internal quotation marks and citations omitted).

Edwards' objections thus trigger review for clear error only, of which the court finds none, because Judge Dancks thoroughly and correctly analyzed the sufficiency of Edwards' complaint. *See Almonte v. N.Y. State*

2

*Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).

However, the court does not adopt the portion of the R&R pertaining to statutes of limitations. (Dkt. No. 4 at 10-11.) A court should not dismiss a complaint with prejudice on the basis of an anticipated statute of limitations defense without granting a *pro se* plaintiff notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (rejecting argument that plaintiff needs to plead facts in complaint to avoid affirmative defense).[1] Arguably, the R&R put Edwards on notice and she had an opportunity to be heard, because in her objections Edwards discusses statutes of limitations. (Dkt. No. 5 at 2.) However, out of an abundance of caution, the court will allow Edwards to respond to the statutes of limitations issue raised by Judge Dancks in the R&R. (Dkt. No. 4 at 10-11). That is, Edwards must demonstrate why the relevant statutes of limitations do not or should not apply, perhaps by establishing equitable

---

[1] In a recent decision, a sister court dismissed a *pro se* complaint that was time barred and did not grant leave to amend. *See Hussain v. Yaqub*, 15-CV-2261, 2018 WL 4697275, at *1, *2 (E.D.N.Y. Sept. 30, 2018). However, the decision seemingly ignored *Abbas*, 480 F.3d at 639-40, which controls.

tolling. *See Victorial v. Burge*, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007) ("A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (internal quotation marks and citations omitted). Edwards should be mindful that she should address only the statutes of limitations issue and not rehash old arguments or make new allegations.

Finally, Edwards "is willing to remove defendants Ben Walsh[,] Frank Fowler, Dave Del[V]ecchio, and Helen Hudson from the suit." (Dkt. No. 5 at 1.) Those defendants are accordingly terminated from this action.

Accordingly, it is hereby

**ORDERED** that the R&R (Dkt. No. 4) is **ADOPTED IN PART AND REJECTED IN PART** as follows:

> **REJECTED** as to the dismissal of the complaint (Dkt. No. 1) on statutes of limitations grounds (Dkt. No. 4 at 10-11); and as to the dismissal of the complaint with prejudice (Dkt. No. 4 at 11); and
>
> **ADOPTED** as to the remainder of the R&R; and

**ORDERED** that the Clerk terminate the following defendants from

4

this action: Ben Walsh, Frank L. Fowler, Dave DelVecchio, and Helen Hudson; and

**ORDERED** that Edwards shall file a response on the statutes of limitations issue no later than thirty (30) days from the date of this Order, and the complaint is dismissed with prejudice should she fail to do so; and it is further

**ORDERED** that the Clerk shall enter judgment without further order in that instance; and it is further

**ORDERED** that the Clerk provide a copy of this Order to Edwards in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

January 14, 2019
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge