**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JASMINE GRACE-LOUISE EDWARDS,**

**Plaintiff,** **5:18-cv-1155 (GLS/TWD)**

**v.**

**ANGELA MOHAR et al.,**

**Defendants.**

---

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Jasmine Grace-Louise Edwards
Pro Se
335 Valley Drive
Syracuse, NY 13207

**FOR THE DEFENDANTS:**
NO APPEARANCE

**Gary L. Sharpe**
**Senior District Judge**

## ORDER

On November 1, 2018, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation (R&R), which granted plaintiff Jasmine Grace-Louise Edwards' application to proceed *in forma pauperis* and recommended that her complaint be dismissed with

prejudice. (Dkt. No. 4 at 11.) On November 16, 2018, Edwards filed objections to the R&R. (Dkt. No. 5.)

On January 14, 2019, the court rejected Judge Dancks' recommendation of dismissal of Edwards' complaint on statutes of limitations grounds and the 'with prejudice' recommendation; the court adopted the remainder of the R&R. (Dkt. No. 6 at 3-4.) Out of an abundance of caution, the court allowed Edwards "to respond to the statutes of limitations issue raised by Judge Dancks in the R&R." (*Id.* at 3 (internal citation omitted).) The court directed Edwards to "demonstrate why the relevant statutes of limitations do not or should not apply, perhaps by establishing equitable tolling." (*Id.* at 3-4 (internal citation omitted).)

Now before the court is Edwards' response. (Dkt. No. 7.) She conclusorily asserts that "there is a valid cause of action, [i]n which [she] tried to pursue with reasonable diligence." (*Id.* at 1.) Edwards also confusingly states that "[i]n [Edwards'] response with knowledge of statute of limitations [Edwards] reminded Judge Dancks that statute of limitations were presuming as kidnapping claims as the issue of [Edwards'] complaint. Kidnapping because [Edwards] was held in confinement and did not want to be[.]" (*Id.*)

The court is mindful that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal marks, citations, and emphasis omitted). However, Edwards' *pro se* status does not excuse her from demonstrating that equitable tolling is warranted. *See Barrientos v. Lee*, No. 14CV3207, 2015 WL 3767238, at *10 (S.D.N.Y. June 17, 2015); *Victorial v. Burge*, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007). Vague, incoherent statements about kidnapping are insufficient to establish the requisite "extraordinary circumstance." *See Barrientos*, 2015 WL 3767238, at *9-10. And Edwards' conclusory statement that she pursued her claim with reasonable diligence is likewise insufficient. *See id.* at *10.[1]

Accordingly, it is hereby

**ORDERED** that Edwards' complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and it is further

---

[1] Moreover, even assuming Edwards could establish equitable tolling, she does not state, in any way, how long she was confined against her will, (Dkt. No. 7 at 1-2), meaning there is no basis to toll the statutes of limitations long enough to render her claims timely regardless, (Dkt. No. 4 at 10-11).

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

March 12, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge